**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FREDDIE LAMAR VALENTINE,

      Petitioner,

vs.
                              Case No.:    3:16-cv-1063-J-32PDB
                                                      3:10-cr-164-J-32PDB-20

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

This case is before the Court on Petitioner Freddie Lamar Valentine's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion).[1] Petitioner raises two claims: first, that the United States breached the plea agreement by failing to move for a sentence reduction under Rule 35, Federal Rules of Criminal Procedure, and second, that trial counsel gave ineffective assistance by negotiating a plea agreement in which the substantial assistance provision was vague. The United States responds that the § 2255 Motion is untimely (Civ. Doc. 4, Response). Petitioner filed a reply and a notice of supplemental authority, both of which the Court has considered. (Civ. Doc. 5, Reply; Civ. Doc. 6, Notice of Supplemental Authority). Thus, the case is ripe for a decision.

Under Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the motion. See

---

[1]     Citations to the record in the criminal case, <u>United States vs. Freddie Valentine</u>, No. 3:10-cr-164-J-32PDB-20, will be denoted "Crim. Doc. __." Citations to the record in the civil § 2255 case, No. 3:16-cv-1063-J-32PDB, will be denoted "Civ. Doc. __."

Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming that the facts he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Petitioner's § 2255 Motion is due to be denied.

## I.     Background

On September 29, 2010, a federal grand jury returned a seven-count Superseding Indictment against Petitioner and numerous co-defendants. (Crim. Doc. 307, Superseding Indictment). The grand jury charged Petitioner with one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One). (Id. at 2-3). The United States also filed an Information to Establish Prior Conviction, pursuant to 21 U.S.C. § 851. (Crim. Doc. 330, § 851 Information). The United States notified the Court that in 2001 in the United States District Court for the Northern District of Florida, Petitioner was convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base. (Id. at 1-2); (see also Crim. Doc. 330-1, Judgment of Prior Conviction). The prior conviction increased the mandatory minimum sentence for the instant offense from 10 years to 20 years in prison. (See Crim. Doc. 330 at 2). Petitioner initially pled not guilty to the charge. (Crim. Doc. 334, Minute Entry of Arraignment).

On October 29, 2010, Petitioner pled guilty to Count One pursuant to a written plea agreement. (Crim. Doc. 439, Plea Agreement); (see also Civ. Doc. 10-1; Plea

Transcript).[2] In exchange for his guilty plea, the United States agreed to recommend a two-level downward adjustment under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, to recommend an additional one-level downward adjustment under § 3E1.1(b) if Petitioner qualified, and to consider whether to move for a sentence reduction under § 5K1.1 if, in the United States' sole discretion, it determined that Petitioner provided substantial assistance and that such a reduction was warranted. (Crim. Doc. 439 at 3-5). The Magistrate Judge who presided over the change-of-plea colloquy recommended "that the guilty plea was knowledgeable and voluntary, and that the offense charged [was] supported by an independent basis in fact containing each of the essential elements of [the] offense." (Crim. Doc. 440, Report and Recommendation Concerning Plea of Guilty). The Court accepted Petitioner's guilty plea and adjudicated him accordingly. (Crim. Doc. 445, Acceptance of Plea).

At the sentencing hearing, Petitioner admitted he was convicted in 2001 of a felony drug offense, such that his mandatory minimum sentence was 20 years in prison. (Crim. Doc. 879, Sentencing Tr. at 5-10). According to the Presentence Investigation Report (PSR), Petitioner's advisory sentencing range under the United States Sentencing Guidelines was 240 to 293 months in prison, based on a total offense level of 35 and a Criminal History Category of IV. (Crim. Doc. 879 at 11); PSR at ¶

---

[2]     The Court notes that the plea agreement and change-of-plea transcript were initially filed under seal. But according to the Magistrate Judge who authorized the documents to be filed in camera, the seal was to last only through Petitioner's sentencing hearing. (See Civ. Doc. 10-1 at 4-5). Because the sentencing hearing has long since passed, the plea agreement and change-of-plea transcript are no longer under seal.

147. The Court adopted the Guidelines calculation without objection. (Crim. Doc. 879 at 11-12).

Consistent with the plea agreement, the United States moved for a four-level reduction under U.S.S.G. § 5K1.1 to recognize that Petitioner provided substantial assistance to the government. Specifically, the motion was based on Petitioner's cooperation against three individuals: Amadeo Hernandez Jaimes, a high-level drug dealer who was ultimately convicted and sentenced to 25 years in prison, as well as Tavaris Rembert and Shiron Brooks. (See id. at 12-14). The United States also recognized that Petitioner assisted state prosecutors in bringing charges against a homicide suspect named Marco Denson, but the United States made clear that it did not think this cooperation warranted a sentence reduction. (Id. at 15). The United States opined that if Petitioner had information that could assist a homicide investigation, he should have come forward with that information regardless of whether he was charged with a crime or pursuing cooperation. (Id.). The United States further expressed disappointment that, in its view, Petitioner did not fulfill "his potential to lead to other types of electronic surveillance cases, wiretap cases, and things of that nature," especially given that Petitioner had been a high-level participant in drug dealing. (Id. at 15-16). Still, the United States recommended a four-level reduction under § 5K1.1, which would reduce Petitioner's offense level to 31 and his advisory sentencing range to between 151 and 188 months in prison. (Id. at 16, 24). Nonetheless, the United States also recommended a variance above the reduced Guidelines range because the previous federal drug conviction did not deter Petitioner from violating the conditions of supervised release and continuing to engage

4

in drug dealing (id. at 17-20), and because he "made a conscious decision to get back involved in higher levels [of drug dealing] than he was before," (id. at 21). The United States argued that a sentence of 204 months in prison was required to promote respect for the law, just punishment, and deterrence. (Id. at 23-24).

After hearing from Petitioner's counsel, several of Petitioner's family members, and Petitioner himself, the Court granted the government's § 5K1.1 motion, thereby reducing Petitioner's advisory sentencing range to between 151 and 188 months. (Id. at 46-47). The Court observed that "getting the 5K was a significant benefit to Mr. Valentine." (Id. at 46). After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court declined to vary above the reduced Guidelines range. Instead, the Court sentenced Petitioner to a term of 160 months in prison, followed by a five-year term of supervised release. (Id. at 56-57).[3] Petitioner did not object to the sentence. (Id. at 63).

The Court entered judgment on December 19, 2012. (Crim. Doc. 683, Judgment). Petitioner did not pursue an appeal. As such, Petitioner's conviction and sentence became final 14 days later, on January 2, 2013, when time expired to file a notice of appeal. See Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (when a defendant does not pursue a direct appeal, his conviction and sentence become final when the time to file a notice of appeal expires). Petitioner did not file the § 2255 Motion until more than three years later. (See Civ. Doc. 1 at 13). Houston v. Lack, 487

---

[3]    On October 10, 2017, the Court further reduced Petitioner's sentence to 140 months in prison based on Amendment 782 to the Sentencing Guidelines. (Crim. Doc. 918, Amendment 782 Order). Petitioner's current sentence is 100 months below the 20-year mandatory minimum.

U.S. 266, 276 (1988) (a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing).

## II. The § 2255 Motion

Petitioner raises two claims in the § 2255 Motion. First, Petitioner contends that the United States breached the plea agreement when it did not move for an additional substantial assistance reduction based on Petitioner's testimony in state court against Marco Denson. (Civ. Doc. 1 at 4, 14-15). Petitioner states that in 2011 he agreed to cooperate with Florida law enforcement officials in prosecuting an individual suspected of committing murder. (Id. at 14). According to Petitioner, he "debriefed with the investigators on several occasions; he testified before the grand jury; and in 2015, he testified at the trial of the alleged murder[er] Marco Denson. The jury convicted Mr. Denson of murder (Case No.: 2012-1417-CF)." (Id.). Afterward, Petitioner alleges that state authorities "reported to the United States Attorney's Office that Mr. Valentine cooperated fully and made a significant contribution to the conviction of Mr. Denson," but that federal authorities "decided that Mr. Valentine's assistance did not warrant the filing of a Rule 35 [motion]." (Id.). Petitioner argues that the United States' failure to reward his state-court testimony with a Rule 35 motion constitutes a breach of the plea agreement.

Second, and relatedly, Petitioner contends that "[t]rial counsel failed to provide constitutionally adequate representation in the plea-agreement stage of the proceeding." (Civ. Doc. 1 at 5). Petitioner complains that the plea agreement's substantial assistance provision was "inherently vague since it provides that the

6

United States will decide whether to file a Rule 35(b) motion in its sole discretion." (Id. at 14). Petitioner also complains that the plea agreement "does not identify … who will make the decision for the United States Attorney's Office." (Id.) (emphasis added). With respect to timeliness, Petitioner asserts that the § 2255 Motion is timely under 28 U.S.C. § 2255(f)(4) because he filed it "within one year of an operative fact for the claim being available." (Id. at 12).

The United States responds that the § 2255 Motion is untimely because Petitioner filed it well over a year after his conviction and sentence became final. (Civ. Doc. 4 at 1, 2-3). Additionally, the United States argues that Petitioner is not entitled to tolling of § 2255(f)'s statute of limitations because the facts underlying Petitioner's claims have been known since the sentencing hearing. (Id. at 4-5). The United States points out that at the sentencing hearing, the prosecutor told the Court that Petitioner was cooperating with state authorities in the murder case against Marco Denson, but that such cooperation did not warrant a sentence reduction. (Id.); (see also Crim. Doc. 879 at 15). Moreover, the United States argues that the plea agreement's substantial assistance provision "is clear and unambiguous" insofar as it commits the decision whether to file a Rule 35 motion to the sole discretion of the United States Attorney, and that Petitioner cannot collaterally attack that determination. (Civ. Doc. 4 at 5) (citing Crim. Doc. 439 at 4-5).

III.    Discussion

Under 28 U.S.C. § 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four

7

grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamental as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979). A petitioner's challenge to his sentence based on a Sixth Amendment claim of ineffective assistance of counsel is normally considered a collateral attack. United States v. Teague, 953 F.2d 1525, 1534 n. 11 (11th Cir. 1992).

To succeed on a claim of ineffective assistance of counsel, a petitioner must show both (1) that counsel's performance was deficient, and (2) that as a result of counsel's deficient performance, the petitioner suffered prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). In determining whether counsel performed deficiently, the Court adheres to the standard of reasonably effective assistance. Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994). The petitioner must show, in light of all the circumstances, that counsel's performance fell outside the "wide range of professionally competent assistance." Id. To show that counsel's deficient performance prejudiced the defendant, the petitioner must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Id. at 1036-37 (citing Strickland, 466 U.S. at 694). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. In determining whether a petitioner has met the two prongs of deficient

performance and prejudice, the Court considers the totality of the evidence. Id. at 695.

However, because both prongs are necessary, "there is no reason for a court… to

approach the inquiry in the same order or even to address both components of the

inquiry if the defendant makes an insufficient showing on one." Id. at 697; see also

Wellington v. Moore, 314 F.3d 1256, 1261 n. 1 (11th Cir. 2002) ("We need not discuss

the performance deficiency component of [petitioner's] ineffective assistance claim

because failure to satisfy the prejudice component is dispositive.").

Additionally, the Antiterrorism and Effective Death Penalty Act (AEDPA),

imposes a one-year statute of limitations for federal prisoners who seek to vacate, set

aside, or correct their sentences. 28 U.S.C. § 2255(f). The statute of limitations runs

from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. "Typically, the applicable triggering date is 'the date on which the judgment of

conviction becomes final.'" Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir.

2017) (quoting 28 U.S.C. § 2255(f)(1)), cert. denied, 139 S. Ct. 1168 (2019). "The §

2255(f) statute of limitations 'requires a claim-by-claim approach to determine

timeliness.'" Id. (citation omitted).

Here, the claims in Petitioner's § 2255 Motion are indisputably untimely under § 2255(f)(1), since he filed the motion more than three years after his conviction and sentence became final. The statute-of-limitations issue depends on whether either or both of the claims are timely under § 2255(f)(4).

## A. Ground One: Whether the United States Breached the Plea Agreement

The Court assumes, for the sake of discussion, that Petitioner's breach-of-the-plea-agreement claim is timely under § 2255(f)(4). Petitioner suggests that the facts supporting the claim materialized only in 2016, when he learned that the United States Attorney's Office would not file a Rule 35 motion based on his cooperation in the state-court homicide case against Marco Denson. Petitioner contends that the United States breached the plea agreement when it refused to reward his testimony against Denson with a substantial assistance motion.

This claim lacks merit because the United States had broad discretion under the terms of the plea agreement to decide whether to move for a substantial assistance reduction.

> [W]here a plea agreement states only that the government will file a [substantial assistance] motion if it determines, in its "sole" discretion, that the defendant's cooperation qualifies as substantial assistance, the government does not breach the agreement by failing to file such a motion, and the district court has no jurisdiction to review the claim of breach.

United States v. Nance, 426 F. App'x 801, 802-03 (11th Cir. 2011) (citing United States v. Forney, 9 F.3d 1492, 1500-02 & n.2 (11th Cir. 1993)).

The plea agreement gave the United States Attorney's Office sole discretion

whether to move for a substantial assistance reduction. The relevant provision stated:

> 7. <u>Cooperation – Substantial Assistance to be Considered</u>
>
> …. If the cooperation is completed subsequent to sentencing, the government agrees to <u>consider</u> whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). <u>In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.</u>

(Crim. Doc. 439 at 4-5) (emphasis added).

At the sentencing hearing on December 12, 2012, the United States explained why it did not believe that Petitioner's cooperation in the Denson case warranted a substantial assistance reduction. (Crim. Doc. 879 at 15). The United States notified the Court that Petitioner had provided information that led to the indictment and arrest of Denson. (<u>Id.</u>). But the prosecutor added:

> However, my view of that is if you have information about a homicide you ought to be providing it whether you're charged with a crime or not, whether you're trying to cooperate or not.
>
> I think all of us would want that if we were somehow affected by that, or a family member or what have you. To provide information that you have about that is a civic duty. And I've just never put much stock in that type of cooperation. But, nonetheless, I wanted to mention it to the court.

(<u>Id.</u>).

Based on this record, the government did not breach the plea agreement by not filing a Rule 35 motion to reward Petitioner's cooperation in the Denson case. Based on the prosecutor's statement at sentencing, Petitioner knew that the government did

not intend to do so. The plea agreement unambiguously committed that decision to the sole discretion of the United States Attorney for the Middle District of Florida. Because the plea agreement gave the United States Attorney sole discretion over whether to file a substantial assistance motion, "the government [did] not breach the agreement by failing to file such a motion, and the district court has no jurisdiction to review the claim of breach." Nance, 426 F. App'x at 802-03; see also Forney, 9 F.3d at 1499-1502 & nn. 2-4.[4] Therefore, Ground One is due to be denied.

**B. Ground Two: Whether Counsel Gave Ineffective Assistance by Negotiating a Plea Agreement With a Vague Substantial Assistance Provision**

Petitioner's second ground is that counsel gave ineffective assistance during the plea negotiation process. (Civ. Doc. 1 at 5). Petitioner complains that the plea agreement's substantial assistance provision is "inherently vague": first, because it leaves the decision to move for a substantial assistance reduction to the sole discretion of the United States Attorney's Office, and second, because the plea agreement does not identify who will make the decision for the United States Attorney's Office. (Id. at 14). Petitioner states that he "believed his plea agreement provided that if he assisted in the prosecution of another person's crime, then he would receive a sentence reduction or at least an opportunity for him to seek a reduction from this court." (Id. at 15). Petitioner contends that "[t]he government's refusal to give him that opportunity amounts not only to a breach of the plea agreement, but also …

---

[4]     Nor does the record reflect that the government had an unconstitutional motive for withholding an additional substantial assistance motion, such as Petitioner's race or religion. Wade v. United States, 504 U.S. 181, 185-87 (1992).

demonstrates [that] his guilty plea was involuntarily made." (Id.).

The Court will assume, for the sake of the discussion below, that Ground Two is timely under § 2255(f)(4).[5] Nevertheless, the claim lacks merit because Petitioner told the Court, under oath, that he had read and understood the entire plea agreement, including the substantial assistance provision. During the plea colloquy, Petitioner advised the Court that he had read "every page, every word" of the plea agreement, that he had fully discussed it with his attorney, and that he fully understood its terms. (Civ. Doc. 10-1 at 16-17). Petitioner confirmed that he had signed each page of the agreement. (Id. at 16). The Magistrate Judge presiding over the colloquy specifically addressed the substantial assistance provision:

> THE COURT: .... Lastly, in both cases the United States is agreeing to consider whether any cooperation you might be able to provide would constitute substantial assistance.
>
> That can be an important provision for defendants in your situation, because it's a way of getting your guideline level reduced further if there is a motion granted by the Court.
>
> And not only could it reduce your guideline level, but

---

[5]      However, the Court agrees with the United States that Ground Two is untimely, even under § 2255(f)(4), because Petitioner was aware of the supporting facts since before his conviction and sentence became final. Petitioner knew what the terms of the plea agreement were, including the terms of the substantial assistance provision, from the date he pled guilty pursuant to the agreement. And Petitioner knew from the date of the sentencing hearing that the United States did not intend to reward his cooperation in the Denson case with an additional substantial assistance reduction.

Thus, if Petitioner wished to argue that the plea agreement's substantial assistance provision was overly vague, that counsel was ineffective in negotiating it, or that he pled guilty under a false impression about being rewarded for any assistance he provided, he possessed enough facts to raise this ground in a § 2255 motion within one year of his conviction and sentence becoming final. But because Petitioner did not do so, this claim is time-barred as well.

in some cases it could be a way of getting a sentence reduced below the mandatory minimum sentence, which you've both heard is substantial in your cases. So that could be important.

<u>But the key thing about it is, first, it's the sole discretion of the U.S. Attorney whether to make a motion on your behalf. And then even if they do, it's up to the district court judge to decide whether to grant it and, if so, how many levels of departure to grant.</u>

<u>So both of those are out of your control directly, except indirectly by your cooperation. But if you're unhappy with the result, you would not be able to withdraw from your plea or challenge that determination on an appeal or collateral attack again.</u>

Do you understand that?

VALENTINE:    Yes.

(<u>Id.</u> at 20-21) (emphasis added).

Toward the end of the plea colloquy, Petitioner assured the Court that he was not pleading guilty based on any promise of a light sentence or a particular disposition. (<u>Id.</u> at 39-40). Petitioner also confirmed that he was satisfied with his attorney's representation, and that he had received enough time to talk to his attorney about the case. (<u>Id.</u> at 40-41).

The above record refutes Petitioner's claim that the substantial assistance provision was overly vague, or that he pled guilty under the false impression he would be rewarded for any cooperation he provided. The plea agreement unambiguously gave the United States Attorney for the Middle District of Florida sole discretion over whether to file a Rule 35 motion. (Crim. Doc. 439 at 4-5; Civ. Doc. 10-1 at 20-21).

Petitioner stated that he understood it was out of his control whether the United States filed a substantial assistance motion, and even if so, how much of a reduction he would receive. (Civ. Doc. 10-1 at 20-21). The plea agreement also precluded Petitioner from appealing or collaterally attacking the United States' decision not to file a substantial assistance motion. (Crim. Doc. 439 at 5; see also Civ. Doc. 10-1 at 20-21). Petitioner told the Court, under oath, that he understood and accepted the entire plea agreement, including the substantial assistance provision specifically. (Civ. Doc. 10-1 at 16-17, 21). Petitioner further advised the Court that he was not pleading guilty based on any assurances of a light sentence or a particular disposition. (Id. at 39-40). And Petitioner told the Court he was satisfied with his attorney's representation. (Id. at 40-41).

"Solemn declarations in open court," such as the ones Petitioner made when he pled guilty, "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). "'[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.'" Id. at 73-74. "The district court is entitled to discredit a defendant's newly-minted story about being [misled] when that story is supported only by the defendant's conclusory statements" and is contradicted by the record of the change-of-plea colloquy. Winthrop-Redin v. United States, 767 F.3d 1210, 1217 (11th Cir. 2014). Given that Petitioner's statements at the plea colloquy were made under oath, "he bears a heavy burden to show his statements were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) (per curiam). Based on the record before the Court, Petitioner has not

carried that heavy burden.[6] Petitioner made specific assurances during the plea

hearing that refute his current allegations. Petitioner's counsel was not ineffective as

a matter of law.[7] As such, Ground Two is due to be denied.

## IV.   Conclusion

The Court has considered each of Petitioner's claims on the merits, but finds

that none warrants relief under 28 U.S.C. § 2255. Accordingly, it is hereby

**ORDERED**:

1. Petitioner Freddie Lamar Valentine's Motion Under 28 U.S.C. § 2255 to

   Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2. The Clerk should enter judgment in favor of the United States and against

   Petitioner, and close the file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA
PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of

appealability. A prisoner seeking a motion to vacate has no absolute entitlement to

appeal a district court's denial of his motion.  28 U.S.C. § 2253(c)(1). Rather, a district

court must first issue a certificate of appealability (COA). Id. "A [COA] may issue…

only if the applicant has made a substantial showing of the denial of a constitutional

right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that

---

[6]     The allegations in the § 2255 Motion are generally conclusory, and Petitioner
did not submit any affidavits to corroborate the allegations.

[7]     Even though Petitioner couches Ground Two as an ineffective assistance of
counsel claim, he spends most of his time arguing that the plea agreement is
ambiguous. That claim, too, is without merit.

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of August, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Pro se petitioner